IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDGAR J. AGUADO        :
on behalf of himself and all  :
others similarly situated,    :
                         :   CIVIL ACTION FILE NO.
        Plaintiff,       :
                         :
                         :   <u>JURY TRIAL DEMANDED</u>
vs.                       :
                         :
LARA'S TRUCKS, INC.    :
A Georgia corporation, and :
FERNANDO LARA,      :
                         :
        Defendants.     :
_____ :

## COMPLAINT

COMES NOW Plaintiff Edgar J. Aguado ("Aguado"), on behalf of himself

and all others similarly situated, through his counsel, Stephen M. Katz, The Katz

Law Group, and files his Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This is a collective action brought under The Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid minimum wages, liquidated

damages, attorneys fees, and costs.  Plaintiff alleges on behalf of himself and all

other current and former "car salesman," employed by Defendants in the State of

Georgia, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b).

(the "Collective Action Class")

## PARTIES

2.

Edgar Aguado, the named Plaintiff in this action, lives in the Northern

District of Georgia.

3.

Lara's Trucks, Inc. ("Defendant" or "Lara's Trucks") is a corporation

which maintains, and, at all times relevant hereto, maintained offices in the State

of Georgia, and transacts and has transacted regular, not isolated, acts of

business in metropolitan Atlanta, Georgia.

4.

Lara's Trucks can be served by delivering a copy of the summons and

complaint to its registered agent Flor Ramos at 4135 Buford Drive, Buford,

Georgia 30518.

2

5.

Lara's Trucks is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

Lara's Trucks is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

7.

Defendant Fernando Lara ("Lara") lives in the Northern District of Georgia and serves as Lara's Trucks owner.  Lara can be served by delivering a copy of the summons and Complaint to him at 4135 Buford Drive, Buford, Georgia 30518.

8.

Lara is involved in the day-to-day operations and has substantial operational control over Lara's Trucks, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and the putative class of Plaintiffs.

9.

Lara exerts substantial control over Lara's Trucks compliance with the Fair

3

Labor Standards Act.

10.

Lara has the power to hire and fire employees, including, without limitation, individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

11.

Lara controls employee work schedules and conditions of employment including, without limitation, individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

12.

Lara determines the rate and method of payment for employees including, without limitation, individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

13.

At all times relevant to this action, Lara oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

4

14.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

15.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

16.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

17.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

18.

Defendants, and each of them, were at all relevant times aware of the

5

existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay minimum wage and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## Jurisdiction

### 19.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## Venue

### 20.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

### 21.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of persons who are or were formerly employed by Defendants as "car salesmen" in the state of Georgia at any time since December 8, 2008 to the entry of judgment in this case (the "Collective

6

Action Period") who did not receive minimum wage for all hours worked on behalf of Defendants.

22.

This Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants. Upon information and belief, there are at least 32 members of the Collective Action class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

23.

Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

7

24.

A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation may make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

25.

Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

8

c. whether Defendants failed to pay the Collective Action Members minimum wage for all of the hours worked by them in violation of the FLSA and the regulations promulgated thereunder;

d. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

e. whether Defendants are liable for all damages claimed hereunder, including unpaid minimum wages, liquidated damages, pre-judgment interest, costs and attorneys' fees.

26.

Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## FACTS

27.

Aguado is a former employee of Defendants.

28.

From September 2010 to June 2011, Aguado was employed as a used "car salesman" by Defendants at Defendants' Buford, Georgia dealership located at

The Mall of Georgia, 4135 Buford Road, Buford, Georgia 30518.

29.

From September 2010 to June 2011, Aguado was misclassified as an "independent contractor" by Defendants.

30.

Based upon information and belief, Defendants have operated and continue to operate a total of at least two dealerships in the state of Georgia. It is the intent of this collective action to apply to all similarly situated current/former employees of Defendants in the state of Georgia.

31.

While employed by Defendants, Aguado consistently worked 60 hours, or more, per week. Aguado and the putative class members are similarly situated in terms of job duties, pay, and compensation.

32.

While employed by Defendants, Aguado and the putative class of Plaintiffs were compensated on a bi-weekly basis, solely with commissions from sales of vehicles.

33.

While employed by Defendants, Aguado's weekly pay and pay per pay period often resulted in an hourly rate below the federal minimum wage, i.e. $7.25 for all hours worked.

34.

For pay periods that Aguado's commission pay failed to pay Aguado the federal minimum wage, Defendants never paid Aguado a "draw" or any other compensation to bring Aguado's hourly rate above the federal minimum wage for all hours worked in a given pay period.

35.

Defendants have failed to pay Aguado and members of the putative class of employees with the federal minimum wage for all hours worked in all pay periods.

**CLAIM FOR RELIEF**
**VIOLATION OF 29 U.S.C. § 216(b)**
**(FLSA)**

<u>COUNT I</u>

36.

Aguado repeats and re-alleges each and every paragraph set forth in

paragraphs 1 to 35 as if fully set forth at length herein.

37.

Defendants repeatedly and willfully violated the provisions of the FLSA, 29 U.S.C. §206 by employing individuals, including Aguado and the putative class of employees, engaged in commerce or in the production of goods for commerce, without compensating such employees for their employment at rates not less than $7.25 for all hours worked in any given pay period.

38.

Defendants owe Aguado, and those similarly situated to him, pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

39.

Defendants' violations of the minimum wage pay requirements set forth in the FLSA were systematic, voluntary and willful.

## Count II

### 40.

Plaintiffs incorporate the allegations contained in paragraphs 1 through 39 of this complaint as though the same were fully set forth at length herein.

### 41.

Within the preceding four years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

### 42.

Aguado and those similarly situated to him are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Aguado demands relief as follows:

1.   That process issue and that Defendants be served according to law;

Within the preceding four years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

42.

Aguado and those similarly situated to him are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Aguado demands relief as follows:

1.     That process issue and that Defendants be served according to law;

2.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members as an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action

14

by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Aguado and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

3.    An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

4.    Judgment in favor of Aguado and all those similarly situated to him and against Defendants for unpaid minimum wage compensation together with liquidated damages;

5.    Pursuant to Section 216(b) of the Act, judgment in favor of Aguado and those similarly situated to him and against Defendants for reasonable attorneys' fees;

6.    Judgment in favor of Aguado and those similarly situated to him and against the Defendants for prejudgment interest;

7.    Judgment in favor of Aguado and those similarly situated to him and against the Defendants for all taxable and non-taxable costs;

8.    Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

15

9.     Such other, further and different relief as this Court deems appropriate.

This 9th day of December, 2011.

By: _____
Stephen M. Katz
Georgia Bar No. 409065

By: _____
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiffs

K  L  G

THE KATZ LAW GROUP LLC

4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone:   770. 988.8181
Facsimile:    770. 988.8182
E-Mail: smkatz@smk-law.com

16